UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  24-CR-80074-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JUSTIN BLAIR,

    Defendant.
_____/

## SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

COMES NOW the Defendant, **JUSTIN BLAIR**, through his undersigned attorney, and respectfully submits his sentencing memorandum and motion for variance.

### INTRODUCTION

Mr. Blair pled guilty to conspiracy to defraud the United States and to receive health care kickbacks, and solicitation and receipt of kickbacks in connection with a health care program.

A stipulated factual basis was submitted in support of his guilty plea. In the stipulation, Mr. Blair acknowledged his wrongdoing, accepting responsibility for his actions. The presentence investigation report ("PSR") calculations are 51-63 months. Mr. Blair respectfully requests a variance from the guidelines as a below-guidelines sentence is fair and just and in accordance with the 18 U.S.C 3553(c) factors. His request is based on the following factors:

1. Mr. Blair is the father to a newborn daughter, JI Blair, born on January 29, 2025, and his future wife and daughter need him home to provide a supportive and loving environment.

2. Mr. Blair's conduct since his arrest including the care and support, he has provided for his future wife who suffers from war related trauma, demonstrates extraordinary

1

character, and supports the fact that he poses a minimal risk of reoffending, making a lengthy period of imprisonment unnecessary and contrary to the §3553 factors. [1]

**CLIENT'S BACKGROUND**

Mr. Blair was born and raised in Boca Raton, Florida. His parents have been married for over 45 years and provided a good foundation for Justin and his brother Trevor to grow up. Justin attended private Christian school and was exposed to good academics and extracurricular activities where he excelled in sports, especially soccer. He was also involved in church youth activities.

At the age of sixteen, he sustained a torn shoulder, requiring surgery. Over the course of the next ten years, he underwent three more surgeries for injuries to his shoulder and chest resulting from sports and physical training.

At the age of thirty, Mr. Blair experimented with a highly addictive drug called "lean" (codeine mixed with promethazine), which he became addicted to. [2] His addiction continued until December of 2023, when he stopped using it due to financial constraints and more significantly, after his wife to be[3], Mila, only agreed to stay with him and start a family, if he committed to living a drug free and productive life.

Mr. Blair committed to his sobriety and dedication to Mila, out of a sense of loyalty and love. After a three-month courtship, they were confronted with having to decide about their future together. Justin's family believed the Mila was a perfect match. Mila had fallen in love with Justin but was concerned about her two children still in Ukraine. After endless discussions about what was best for Mila, Justin, and her children, she decided to remain in the United States and to pursue

---

[1] At the time of his entry of a guilty plea, the defendant agreed that he would not move for a downward departure nor a variance from the advisory guidelines range, except with respect to his personal history or personal characteristics that are unrelated to the charged conduct.
[2] [Codeine and promethazine: Exploratory study on "lean" or "sizzurp" using national survey data and an online forum - PMC](#)
[3] Mr. Blair and Mila intend to spend their lives together but are not currently married.

2

diplomatic channels to have her two children brought to the United States. These efforts are ongoing while allowing Mila to maintain legal status in the United States.

Soon after deciding to remain in the United Sates, Mila advised Justin that they were expecting a child, and the due date was February 5, 2025. Mr. Blair, who had already committed himself to living a lawful and productive life, became even more committed to staying on this track. He has successfully refrained from illicit drugs and has dedicated his life to providing a safe and nurturing environment for his family.

On January 29, 2025, their newborn baby was born. For Justin and Mila, this was a time of incredible joy, but also sadness and pain due to the uncertainty as to how long Justin will be sentenced to. Mr. Blair accepts that there are consequences for his actions but urges the Court to weigh the incredibly difficult circumstances that he and Mila face in raising their baby under the trauma of being displaced from war while knowing that Justin will be sentenced to a term of imprisonment.

## ARGUMENT IN SUPPORT OF A VARIANCE

### Mr. Blair's family obligations and minimal risk of reoffending

Mr. Blair relies upon the factors outlined in Title 18, United States Code, Section 3553 (a) to support a variance. These factors establish that a sentence of no greater than 24 months [4]imprisonment will achieve the purposes set forth in Title 18, United States Code, Section 3553.

---

[4] Paragraph 131 of the presentence investigation report ("PSR) discusses that the Court shall consider the need to avoid unwarranted sentence disparities among similarly situated defendants. The JSIN platform addresses this matter, by providing the Court with a sentencing figure based on other defendants sentenced under the same primary guideline section, with the same final offense level and Criminal History Category. The instant PSR states that insufficient data exists to provide this Court with a sentencing figure because of an insufficient number of defendants meeting identical criteria as presented herein. Mr. Blair would urge the Court to consider whether this figure can be surmised based on an identical primary guideline and Final Offense level, and by adjusting the figure based on the guidelines table and the effect that the varying Criminal History Category has on the sentencing range. So, for example here where a Level 22 Category I range is 41-51 months, and a Category 3 range is 51-63 months, to adjust JSIN figure by 10-12 months reflecting the difference between 41 to 51 and 51 to 63 months. Defense counsel acknowledges, however, that this process might not be empirically sound.

3

Title 18, United States Code, Section 3553 provides in pertinent part:

**a) Factors To Be Considered in Imposing a Sentence.—** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant.
**(2)** the need for the sentence imposed—
**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
**(B)** to afford adequate deterrence to criminal conduct.
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition to the responsibility of caring for a newborn daughter, Mr. Blair must also care for his wife Mila, who left war ravaged Ukraine in 2021 and is here on a visa that does not authorize her to return to the United States if she travels back to Ukraine. She has two children still in Ukraine living with their grandmother. As a young mother whose family has been torn apart by war, Mr. Blair is the singular force of stability and of hope for her and the reunification of her family.

To deny her and their newborn baby this protection and support which is so desperately needed, by imposing a lengthy period of imprisonment would not serve to advance the objectives as outlined under Title 18, United States Code, Section 3553.

A defendant's family circumstances are an appropriate means for imposing a variance. In *U.S. v. Bailey,* 369 F. 2d 1090 (D. Neb. 2005), a departure sentence was imposed due in part to the need for the defendant to provide parenting for a child who was abused. In *U.S. v. Davis*, 2008 WL 2329290 (S.D.N.Y. June 5, 2008), the court imposed a reduced sentence based on a finding that a wife's testimony that her children would be traumatized by being separated from their father.

The Section 3553 factors support a variance. The nature and circumstances of the offense and the history of the defendant reveals that Mr. Blair actions here are serious. His actions were

done out of greed and turning away from something he knew to his core, which is that if it looks and sounds too good to be true, then it is. His relationship and friendship with Mr. Carver go back to their high school years. After several years of not seeing him, their paths crossed again. Mr. Blair knew Mr. Carver had taken a turn in the wrong direction, including getting involved with illicit drug usage but when they met again, Carver seemed to have turned things around. Thus, initially Mr. Blair thought that an opportunity existed to enter a lucrative field. However, he quickly realized that things were not as they appeared. Yet, he continued to pursue the path which now has him before this Court.

Thus, the nature of the offense is serious. Mr. Blair's personal characteristics also reveal an adult criminal history primarily involving drugs, although he was sentenced to probation for reckless display of a firearm and served 364 days after getting arrested for drug charges while serving probation. His criminal history, however, other than a disturbing the peace conviction, all stem from the ages of 24 and 25 were empirical evidence supports that the male brain is not fully developed and more impulsive in nature. [5]

Mr. Blair possesses several personal characteristics that support a variance. He has been a caring son to his mother who underwent a double mastectomy. He is a good son to his father who suffers from disabilities and relies on Justin for care and support. He has demonstrated empathy and compassion for the plight of Mila and the impact the war in Ukraine has had on her and her family. Mila suffers from significant trauma stemming from the war, including suffering from PTSD from being separated from her children, and Justin has been a source of continued guidance

---

[5] Emerging adulthood. A theory of development from the late teens through the twenties - PubMed
See also Graham v. Florida 560 U.S. 48 (2010)

5

and inspiration while ensuring her safety to help alleviate her anxiety from the war and its consequences on her well-being.

While on pretrial release, Mr. Blair has demonstrated exemplary behavior by abiding by the rules.

In assessing the need for the sentence imposed to adequately reflect the seriousness of the offense, and to promote respect for the law while deterring future criminality, a 24-month sentence would accomplish this objective. Mr. Blair understands the wrongfulness of his actions for which he has accepted responsibility. He has also carved out, over the past year, a nascent path dedicated to bettering the lives of his future wife and newborn baby. Having experienced the joy of fatherhood and appreciation for the importance he plays in Mila and the baby's life, Mr. Blair poses a minimal risk of reoffending.

## **CONCLUSION**

For the reasons stated above, namely the importance he plays in providing for the well-being of Mila and their newborn baby, and the positive changes he has made in his own life demonstrating character love and support, Mr. Blair has demonstrated extraordinary character warranting a variance, and imposition of a below guidelines sentence, of no greater than 24-months imprisonment.

Respectfully submitted,

/S/CHRISTOPHER HADDAD, ESQ.
Florida Bar No. 879592
319 Clematis Street, Suite 812
West Palm Beach, FL 33401
Telephone: 561-832-1162

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

/S/_____
Christopher A. Haddad, Esq.